UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE:<br><br>LISA GAIL SKUMPIJA,<br><br>DEBTOR<br><br>DAVID M. WARREN, Trustee in Bankruptcy for Lisa Gail Skumpija,<br><br>PLAINTIFF,<br><br>vs.<br><br>JANET ABREU and<br>KATHIE L. RUSSELL, TRUSTEE,<br><br>DEFENDANTS. | CHAPTER 7<br>CASE NO. 11-00338-8-SWH<br><br><br><br><br><br>ADVERSARY PROCEEDING NO. |

## COMPLAINT

Now comes David M. Warren ("Plaintiff"), Chapter 7 trustee in bankruptcy for Lisa Gail Skimpija ("Debtor"), by and through counsel, and complains of Janet Abreu and Kathie L. Russell ("Defendants") by alleging and saying as follows:

1. This matter is a core proceeding pursuant to 28 U.S.C. §157, and the court has jurisdiction pursuant to 28 U.S.C. §§151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2. The Debtor filed a Chapter 7 bankruptcy petition on January 14, 2011 ("Petition Date"). Plaintiff was appointed to fulfill the duties and obligations provided in 11 U.S.C. §704.

3. Upon information and belief, Janet Abreu ("Abreu") is a citizen and resident of Chatham County, North Carolina.

4. Upon information and belief, Abreu is the Debtor's mother and is an insider as described in 11 U.S.C. §101(31).

5. Upon information and belief, Kathie L. Russell is the Trustee under a Deed of Trust in favor of Abreu and is subject to service of process pursuant to Rule 7004(b) of the Federal Rules of Bankruptcy Procedure anywhere in the United States. Kathie L. Russell is named as a defendant in her capacity as Trustee under the Deed of Trust described herein.

## FIRST CAUSE OF ACTION
### (11 U.S.C. § 548)

6. The allegations contained in paragraphs 1 through 5, inclusive, are incorporated herein by reference.

7. The Debtor acquired an interest in real property and improvements identified as 575 Chapel Ridge Drive, Pittsboro, North Carolina ("Chapel Ridge Property") as more particularly described by Deed ("Deed") recorded on June 10, 2008 in Book 1408, Page 670 of the Chatham County Registry. A copy of the Deed is attached as Exhibit A and incorporated herein by reference.

8. The Debtor executed a Promissory Note on June 12, 2008 in the amount of Five Hundred Thousand and no/100 Dollars payable to Defendant to secure the purchase of the Chapel Ridge Property and 151 Hawfields Drive, Pittsboro, North Carolina ("Hawfields Property"). Two Hundred Thousand and no/100 Dollars ($200,000.00) was allocated to the purchase of the Chapel Ridge Property and Three Hundred Thousand and no/100 Dollars ($300,000.00) was allocated to the Hawsfield Property. A copy of the Promissory Note is attached as Exhibit B and incorporated herein by reference.

9. On or about September 16, 2009, the Debtor transferred to the Defendants by way of a Deed of Trust ("Chapel Ridge Deed of Trust") recorded in Book 1480, Page 962 of the Chatham County Registry, a security interest in the Chapel Ridge Property. A copy of the Chapel Ridge Deed of Trust is attached as Exhibit C and incorporated herein by reference.

10. The transfer ("Transfer") of the security interest in the Chapel Ridge Property as

set forth in paragraph 9 above constitutes a fraudulent conveyance of property of the Debtor and is avoidable pursuant to 11 U.S.C. §548 for the benefit of the Debtor's bankruptcy estate.

## SECOND CAUSE OF ACTION
### (11 U.S.C. §§ 550 and 551)

11. The allegations contained in paragraphs 1 through 10, inclusive, are incorporated herein by reference.

12. To the extent that the Transfer made from the Debtor to the Defendants is avoidable, the Plaintiff is entitled to avoid that Transfer or the value thereof for the benefit of the Debtor's bankruptcy estate pursuant to 11 USC §550.

13. The Plaintiff is entitled to recover the Transfer for the benefit of the creditors and the bankruptcy estate pursuant to 11 USC §550.

Wherefore, Plaintiff prays for the court to grant the following relief:

1. To avoid the Transfer of the Chapel Ridge Deed of Trust by the Debtor to the Defendants pursuant to 11 U.S.C. §548;

2. To preserve any benefit from the recovery under 11 USC §548 for the benefit of the estate pursuant to 11 USC § 550;

3. To preserve any benefit from the recovery under 11 USC §548 for the benefit of the estate pursuant to 11 USC § 551; and

4. To grant such other and further relief as the court deems just and appropriate.

Dated: February 25, 2011.

                                      POYNER SPRUILL LLP

                                      By:    /s/ David M. Warren
                                                  N.C. State Bar No. 12581
                                                  Attorneys for Trustee
                                                  Post Office Box 1801
                                                  Raleigh, NC  27602-1801
                                                  Telephone:  (919) 783-6400
                                                  Facsimile:  (919) 783-1075

1408,
0670

|  | FILED |
|---|---|
|  | CHATHAM COUNTY NC |
|  | TREVA B. SEAGROVES |
|  | REGISTER OF DEEDS |
| FILED | Jun 12, 2008 |
| AT | 02:44:15 pm |
| BOOK | 01408 |
| START PAGE | 0670 |
| END PAGE | 0671 |
| INSTRUMENT # | 07022 |
| EXCISE TAX | (None) |

BOOK 1408 PAGE 670

## NORTH CAROLINA GENERAL WARRANTY DEED

Excise Tax: ∅

Prepared by JENNIFER S. ANDREWS, ESQ. Post Office Box 250, Siler City, North Carolina 27344
A&B            *NO OPINION ON TITLE REQUESTED OR GIVEN*
Return to: Grantee

THIS DEED made this 10th day of June, 2008, by and between

**GRANTOR:**

**JED SCHIPPER (unmarried)**

and

**GRANTEE:**

**LISA SKUMPIJA (married)**
**2068 Otis Johnson Road**
**Pittsboro, North Carolina 27312**

*The designation Grantor and Grantee as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine or neuter as required by context.*

WITNESSETH, that the Grantor, for a valuable consideration paid by the Grantee, the receipt of which is hereby acknowledged, has and by these presents does grant, bargain, sell and convey unto the Grantee in fee simple, that certain lot or parcel of land situated in Hadley Township, Chatham County, North Carolina and more particularly described as follows:

**ALL OF LOT NUMBERED 52B,** as shown on the plat entitled *"Plat of Subdivision 'Chapel Ridge' - Phase One",* including a Project Sheet, Sheets One through Three and a Dimension Table, dated July 7, 2004, by Absolute Land Surveying and Mapping, P.C., recorded at **Plat Slides 2004-221 through 2004-225,** Chatham County Registry (the "Plat"); together with all appurtenant rights and privileges



EXHIBIT A

in the common areas and roads, including the right of ingress and egress along the private roads, as shown on the Plat and all other recorded plats for Chapel Ridge, and described in the Declaration of Covenants, Conditions and Restrictions for Chapel Ridge recorded in **Book 1116, Page 715**, Chatham County Registry, as amended.

The property hereinabove described was acquired by Grantors by a instrument recorded in: **Book 1188, Page 996**, Chatham County Registry.

TO HAVE AND TO HOLD the aforesaid lot or parcel of land and all privileges and appurtenances thereto belonging to the Grantee in fee simple.

And the Grantor covenants with the Grantee, that Grantor is seized of the premises in fee simple, has the right to convey the same in fee simple, that title is marketable and free and clear of all encumbrances, and that Grantor will warrant and defend the title against the lawful claims of all persons whomsoever except for the exceptions hereinafter stated. Title to the property hereinabove described is subject to the following exceptions:

1. **Easements, Rights-of-Way, Restrictions and Encumbrances of record.**

IN WITNESS WHEREOF, the Grantor has hereunto set his hand and seal, the day and year first above written.

ANA MARIA SANCHEZ
Commission # 1495508
Notary Public - California
Los Angeles County
My Comm. Expires Jun 18, 2008

_____(SEAL)
JED SCHIPPER

SEAL-STAMP

STATE OF California
COUNTY OF Los Angeles

I, Ana Maria Sanchez, a Notary Public of the County and State aforesaid do hereby certify that **JED SCHIPPER**, Grantor, personally appeared before me this day and acknowledged the due execution of the foregoing instrument for the purposes therein expressed.

Witness my hand and official stamp or seal, this 10th day of June, 2008.

My commission expires: June 18, 2008

_____, Notary Public

**STATE OF NORTH CAROLINA**

**COUNTY OF CHATHAM**

### PROMISSORY NOTE

$500,000

June 12, 2008

FOR VALUE RECEIVED, Lisa Skumpija, ("Maker") promises to pay to the order of Janet Abreu ("Payee") at 2068 Otis Johnson, Pittsboro, NC, 27312 or such other address as Payee may direct in writing, the principal sum of five hundred thousand dollars ($500,000).

Principal on this Note is due and payable as follows:

$200,000 upon the sale and close of the house on 575 Chapel Ridge Drive, Pittsboro, NC 27312
$300,000 upon the sale and close of the house on 151 Hawfields Drive, Pittsboro, NC 27312

Maker hereof shall have the right to prepay this Note in whole or in part at any time without penalty.

This Note is given to secure the purchase of real property located at 575 Chapel Ridge Drive, Pittsboro, NC 27312 and is secured by a Deed of Trust.

Maker and each surety, accepter, endorser, guarantor, accommodation party, party which has collateralized this Note with property not owned by Maker or not owned entirely by Maker, and other party ever liable for payment of any sums of money payable on this Note or liable for performance of any obligations under any of the Security Instruments ("other liable party"), jointly and severally waive presentment and demand for payment, protest, notice of intention to accelerate this Note, notice of the acceleration hereof, notice of protest and non-payment, as to this Note and as to each and all installments hereof.

It is especially agreed that time is of the essence hereof, and that

(i) if default shall be made in the payment of principal of this Note, as the same becomes due and payable; or

(ii) if there is a default by Maker, or any other liable party, in any of the terms, covenants, agreements, conditions or provisions set forth herein; or

(iii) if Maker or any other liable party becomes insolvent (however such insolvency may be evidenced) or commits an act of bankruptcy or makes an assignment for the benefit of creditors or authorizes the filing of a voluntary petition in bankruptcy; or

(iv) if involuntary bankruptcy proceedings are filed against Maker or any other liable party; or

(v) if any proceeding, procedure or remedy supplementary to or in enforcement of judgment shall be resorted to or commenced against Maker or any other liable party, or with respect to any property of any of them; or



EXHIBIT B

(vi) if any governmental authority or any court at the instance thereof shall take possession of any substantial part of the property of or assume control over the affairs, or against any of, the property of Maker or any other liable party; then Payee, at its option, may declare the entirety of this Note, immediately due and payable, and failure to exercise said option shall not constitute a waiver on the party of Payee of the right to exercise said option at any other time. Upon the occurrence of a default, as set forth in (i) through (vi) above, Payee shall also have the right to exercise any and all other rights, remedies and recourses now or hereinafter existing in equity, at law, by virtue of statute or otherwise, including, but not limited to, the right to foreclose and repossess any and all liens and security interests securing the payment of this Note.

Maker and, unless otherwise agreed in writing, each other liable party are and shall be directly and primarily, jointly and severally, liable for the payment of all sums called for hereunder, and Maker and each other liable party hereby expressly waive bringing of suit and diligence in taking any action to collect any sums owing hereon and in the handling of any security, and Maker and each other liable party hereby consent to and agree, unless otherwise agreed in writing, to remain liable hereon regardless of any release or substitution of security herefor, in whole or in part, with or without notice, from time to time, before or after maturity. Upon a default, Payee may proceed against Maker and each other liable party, to collect the full balance hereof, without first resorting to foreclosure of any property securing the payment hereof. It shall not be necessary to enforce the obligations of Maker and each other liable party that Payee has made demand for payment on Maker or any other liable party or have pursued collection efforts against Maker or any other liable party.

The invalidity, or unenforceability in particular circumstances, of any provision of this Note shall not extend beyond such provision or such circumstances and no other provision of this instrument shall be affected thereby.

The Note, to the extent of the full face amount hereof, evidences the indebtedness of Maker to Payee by virtues of monies loaned to Maker at Maker's special instance and request.

Each Maker, and any other liable party, hereby consents without further notice to any renewals, extensions, reinstatements, deferrals or partial payments, either before or after maturity; and agrees to pay jointly and severally to Payee an additional reasonable amount as attorneys' or collection fees if this Note is placed in the hands of any attorney for collection, or if it is collected through bankruptcy, probate or other judicial proceedings.

The terms "Payee" includes any subsequent Payee of this Note and any party who may subsequently own an interest in this Note.

This Note is assignable by Payee.

**THIS NOTE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NORTH CAROLINA AND THE APPLICABLE LAWS OF THE UNITED STATES OF AMERICA.**

_Lisa Shumpija_  6/12/2008

1480
.0962

```
                                           FILED
                                     CHATHAM COUNTY NC
                                     TREVA B. SEAGROVES
                                      REGISTER OF DEEDS
                                    FILED        Sep 16, 2009
                                    AT           02:19:30 pm
                                    BOOK              01480
                                    START PAGE         0962
                                    END PAGE           0967
                                    INSTRUMENT #      10205
                                    EXCISE TAX        (None)
```

BOOK 1480 PAGE 0962

# NORTH CAROLINA DEED OF TRUST

This the 15th day of September, 2009.
Signed:_____
Parcel Identifier No._____ Verified by _____ County on the ____ day
of_____, 20___ By:_____

Mail/Box to: Russell Goetcheus & Velasquez, PC  727 W. Hargett St., Suite 109, Raleigh, NC 27603
This instrument was prepared by: Kathie L. Russell, Attorney at Law
Brief description for the Index: _____

**THIS DEED of TRUST made this 15th day of September, 2009, by and between:**

**GRANTOR(S): Lisa Skumpija and husband, Nelu Skumpija**

**TRUSTEE: Kathie L. Russell, Attorney at Law**

**BENEFICIARY: Janet Abreu**

The designation Grantor, Trustee, and Beneficiary as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine or neuter as required by context.

WITNESSETH, That whereas the Grantor is indebted to the Beneficiary in the principal sum of **Two Hundred Thousand----Dollars ($200,000\*\*)**, as evidenced by a Promissory Note of even date herewith, the terms of which are incorporated herein by reference. The final due date for payments of said Promissory Note, if not sooner paid, is **September 15, 2019**.

NOW, THEREFORE, as security for said indebtedness, advancements and other sums expended by Beneficiary pursuant to this Deed of Trust and costs of collection (including attorneys fees as provided in the Promissory Note) and other valuable consideration, the receipt of which is hereby acknowledged, the Grantor has bargained, sold, given and conveyed and does by these presents bargain, sell, give, grant and convey to said Trustee, his heirs, or successors, and assigns, the parcel(s) of land situated in the Chatham County, North Carolina, (the "Premises") and more particularly described as follows:

See Exhibit A attached hereto and incorporated herein by reference, also known as **575 Chapel Ridge Drive, Pittsboro, NC 27312**

EXHIBIT
C

1480
0963

BOOK 1480 PAGE 0963

TO HAVE AND TO HOLD said Premises with all privileges and appurtenances thereunto belonging, to said Trustee, his heirs, successors, and assigns forever, upon the trusts, terms and conditions, and for the uses hereinafter set forth.

If the Grantor shall pay the Note secured hereby in accordance with its terms, together with interest thereon, and any renewals or extensions thereof in whole or in part, all other sums secured hereby and shall comply with all of the covenants, terms and conditions of this Deed of Trust, then this conveyance shall be null and void and may be canceled of record at the request and the expense of the Grantor.

If, however, there shall be any default (a) in the payment of any sums due under the Note, this Deed of Trust or any other instrument securing the Note and such default is not cured within ten (10) days from the due date, or (b) if there shall be default in any of the other covenants, terms or conditions of the Note secured hereby, or any failure or neglect to comply with the covenants, terms or conditions contained in this Deed of Trust or any other instrument securing the Note and such default is not cured within fifteen (15) days after written notice, then and in any of such events, without further notice, it shall be lawful for and the duty of the Trustee, upon request of the Beneficiary, to sell the land herein conveyed at public auction for cash, after having first giving such notice of hearing as to commencement of foreclosure proceedings and obtained such findings or leave of court as may then be required by law and giving such notice and advertising the time and place of such sale in such manner as may then be provided by law, and upon such and any resales and upon compliance with the law then relating to foreclosure proceedings under power of sale to convey title to the purchaser in as full and ample manner as the Trustee is empowered. The Trustee shall be authorized to retain an attorney to represent him in such proceedings.

The proceeds of the Sale shall after the Trustee retains his commission, together with reasonable attorneys fees incurred by the Trustee in such proceedings, be applied to the costs of the sale, including, but not limited to, costs of collection, taxes, assessments, costs of recording, service fees and incidental expenditures, the amount due on the Note hereby secured and advancements and other foreclosures. The Trustee's commission shall be five percent (5%) of the gross proceeds of the sale or the minimum sum of $1,000.00 whichever is greater, for a completed foreclosure. In the event foreclosure is commenced, but not completed, the Grantor shall pay all expenses incurred by Trustee, including, reasonable attorney fees, and a partial commission computed on five per cent (5%) of the outstanding indebtedness or the above stated minimum sum, whichever is greater, in accordance with the following schedule, to-wit: one-fourth (1/4) thereof before the Trustee issues a notice of hearing on the right to foreclosure; one-half (1/2) thereof after issuance of said notice, three-fourths (3/4) thereof after such hearing; and the greater of the full commission or minimum sum after the initial sale.
And the said Grantor does hereby covenant and agree with the Trustee as follows:

1, INSURANCE. Grantor shall keep all improvements on said land, now or hereafter erected, constantly insured for the benefit of the Beneficiary against loss by fire, windstorm and such other casualties and contingencies, in such manner and in such companies and for such amounts, not less than that amount necessary to pay the sum secured by this Deed of Trust, and as may be satisfactory to the Beneficiary. Grantor shall purchase such insurance, pay all premiums therefore, and shall deliver to Beneficiary such policies along with evidence of premium payments as long as the Note secured hereby remains unpaid. If Grantor fails to purchase such insurance, pay premiums therefore or deliver said policies along with evidence of payment of

2

BOOK 1480 PAGE 0964

premiums thereon, then Beneficiary, at his option, may purchase such insurance. Such amounts paid by Beneficiary shall be added to the principal of the Note secured by this Deed of Trust, and shall be due and payable upon demand of Beneficiary. All proceeds from any insurance so maintained shall at the option of Beneficiary be applied to the debt secured hereby and if payable in installments, applied in the inverse order of maturity of such installments or to the repair or reconstruction of any improvements located upon the Property See Exhibit A attached hereto and incorporated herein by reference

2. TAXES, ASSESSMENTS, CHARGES. Grantor shall pay all taxes, assessments and charges as may be lawfully levied against said Premises within thirty (30) days after the same shall become due. In the event that Grantor fails to so pay all taxes, assessments and charges as herein required, then Beneficiary, at his option, may pay the same and the amounts so paid shall be added to the principal of the Note secured by this Deed of Trust, and shall be due and payable upon demand of Beneficiary.

3. ASSIGNMENTS OF RENTS AND PROFITS. Grantor assigns to Beneficiary, in the event of default, all rents and profits from the land and any improvements thereon, and authorizes Beneficiary to enter upon and take possession of such land and improvements to rent same, at any reasonable rate of rent determined by Beneficiary, and after deducting from any such rents the cost of reletting and collection, to apply the remainder to the debt secured hereby.

4. PARTIAL RELEASE. Grantor shall not be entitled to the partial release of any of the above described property unless a specific provision providing therefore is included in this Deed of Trust. In the event a partial release provision is included in this Deed of Trust, Grantor must strictly comply with the terms thereof. Notwithstanding anything herein contained, Grantor shall not be entitled to any release of property unless Grantor is not in default and is in full compliance with all of the terms and provisions of the Note, this Deed of Trust, and any other instrument that may be securing said Note.

5. WASTE. The Grantor covenants that he will keep the Premises herein conveyed in as good order, repair and condition as they are now, reasonable wear and tear excepted, and will comply with all governmental requirements respecting the Premises or their use, and that he will not commit or permit any waste.

6. CONDEMNATION. In the event that any or all of the Premises shall be condemned and taken under the power of eminent domain, Grantor shall give immediate written notice to Beneficiary and Beneficiary shall have the right to receive and collect all damages awarded by reason of such taking, and the right to such damages hereby is assigned to Beneficiary who shall have the discretion to apply the amount so received, or any part thereof, to the indebtedness due hereunder and if payable in installments, applied in the inverse order of maturity of such installments, or to any alteration, repair or restoration of the Premises by Grantor.

7. WARRANTIES. Grantor covenants with Trustee and Beneficiary that he is seized of the Premises in fee simple, has the right to convey the same in fee simple, that title is marketable and free and clear of all encumbrances, and that he will warrant and defend the title against the lawful claims of all persons whomsoever, except for the exceptions hereinafter stated. Title to the property hereinabove described is subject to the following exceptions:

8. SUBSTITUTION OF TRUSTEE. Grantor and Trustee covenant and agree to and with Beneficiary that in case the said Trustee, or any successor trustee, shall die, become incapable of acting, renounce his trust, or for any reason the holder of the Note desires to replace said Trustee,

BOOK 1480 PAGE 0965

then the holder may appoint, in writing, a trustee to take the place of the Trustee; and upon the probate and registration of the same, the trustee thus appointed shall succeed to all rights, powers and duties of the Trustee.

| XXX | THE FOLLOWING PARAGRAPH, 9. SALE OF PREMISES, SHALL NOT APPLY UNLESS THE BLOCK TO THE LEFT MARGIN OF THIS SENTENCE IS MARKED AND/OR INITIALED.

9. SALE OF PREMISES. Grantor agrees that if the Premises or any part thereof or interest therein is sold, assigned, transferred, conveyed or otherwise alienated by Grantor, whether voluntarily or involuntarily or by operation of law [other than: (i) the creation of a lien or other encumbrance subordinate to this Deed of Trust which does not relate to a transfer of rights of occupancy in the Premises; (ii) the creation of a purchase money security interest for household appliances; (iii) a transfer by devise, descent, or operation of law on the death of a joint tenant or tenant by the entirety; (iv) the grant of a leasehold interest of three (3) years or less not containing an option to purchase; (v) a transfer to a relative resulting from the death of a Grantor; (vi) a transfer where the spouse or children of the Grantor become the owner of the Premises; (vii) a transfer resulting from a decree of a dissolution of marriage, legal separation agreement, or from an incidental property settlement agreement, by which the spouse of the Grantor becomes an owner of the Premises; (viii) a transfer into an inter vivos trust in which the Grantor is and remains a beneficiary and which does not relate to a transfer of rights of occupancy in the Premises], without the prior written consent of Beneficiary, Beneficiary, at its own option, may declare the Note secured hereby and all other obligations hereunder to be forthwith due and payable. Any change in the legal or equitable title of the Premises or in the beneficial ownership of the Premises, including the sale, conveyance or disposition of a majority interest in the Grantor if a corporation or partnership, whether or not of record and whether or not for consideration, shall be deemed to be the transfer of an interest in the Premises.

10. ADVANCEMENTS. If Grantor shall fail to perform any of the covenants or obligations contained herein or in any other instrument given as additional security for the Note secured hereby, the Beneficiary may, but without obligation, make advances to perform such covenants or obligations, and all such sums so advanced shall be added to the principal sum, shall bear interest at the rate provided in the Note secured hereby for sums due after default and shall be due from Grantor on demand of the Beneficiary. No advancement or anything contained in this paragraph shall constitute a waiver by Beneficiary or prevent such failure to perform

11. INDEMNITY. If any suit or proceeding be brought against the Trustee or Beneficiary or if any suit or proceeding be brought which may affect the value or title of the Premises, Grantor shall defend, indemnify and hold harmless and on demand reimburse Trustee or Beneficiary from any loss, cost, damage or expense and any sums expended by Trustee or Beneficiary shall bear interest as provided in the Note secured hereby for sums due after default and shall be due and payable on demand.

12. WAIVERS. Grantor waives all rights to require marshaling of assets by the Trustee or Beneficiary. No delay or omission of the Trustee or Beneficiary in the exercise of any right, power or remedy arising under the Note or this Deed of Trust shall be deemed a waiver of any default or acquiescence therein or shall impair or waive the exercise of such right, power or remedy by Trustee or Beneficiary at any other time.

13. CIVIL ACTION. In the event that the Trustee is named as a party to any civil action as Trustee in this Deed of Trust, the Trustee shall be entitled to employ an attorney at law, including himself if he is a licensed attorney, to represent him in said action and the reasonable attorney's fee of the Trustee in such action shall be paid by the Beneficiary and added to the principal of the

4

1480
.0966

BOOK 1480 PAGE 0966

Note secured by this Deed of Trust and bear interest at the rate provided in the Note for sums due after default.

14. PRIOR LIENS. Default under the terms of any instrument secured by a lien to which this Deed of Trust is subordinate shall constitute default hereunder.

15. OTHER TERMS.

IN WITNESS WHEREOF, the Grantor has duly executed the foregoing as of the day and year first above written.

_____ (SEAL)
Lisa Skumpija

_____ (SEAL)
Nelu Skumpija

STATE OF North Carolina
COUNTY OF Alamance

I, Janet R. Krummel, the undersigned Notary Public of the County and State aforesaid, certify that Lisa Skumpija and Nelu Skumpija personally appeared before me this day and acknowledged the execution of the foregoing document.

Witness my hand and Notarial stamp or seal this 15th day of September 2009.

My Commission Expires: 8-12-2012

_____
Notary Public

The foregoing Certificate(s) of _____ is/are certified to be correct. This instrument and this certificate are duly registered at the date and time and in the Book and Page shown on the first page hereof.

_____ Register of Deeds for _____ County
By:_____ Deputy/Assistant - Register of Deeds

5

1480
0967

BOOK 1480 PAGE 0967

## EXHIBIT A

ALL OF LOT NUMBERED 52B, as shown on the plat entitled *"Plat of Subdivision 'Chapel Ridge' - Phase One"*, including a Project Sheet, Sheets One through Three and a Dimension Table, dated July 7, 2004, by Absolute Land Surveying and Mapping, P.C., recorded at **Plat Slides 2004-221 through 2004-225**, Chatham County Registry (the "Plat"); together with all appurtenant rights and privileges

in the common areas and roads, including the right of ingress and egress along the private roads, as shown on the Plat and all other recorded plats for Chapel Ridge, and described in the Declaration of Covenants, Conditions and Restrictions for Chapel Ridge recorded in **Book 1116, Page 715**, Chatham County Registry, as amended.

6