**SO ORDERED.**

**SIGNED this 07 day of October, 2011.**



_____
Stephani W. Humrickhouse
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| LISA GAIL SKUMPIJA | 11-00338-SWH |
| DEBTOR | |
| | |
| DAVID M. WARREN, Trustee, | ADVERSARY PROCEEDING NO. |
| Plaintiff | 11-00072-8-SWH |
| v. | |
| JANET ABREU and KATHIE L. RUSSELL, Trustee, | |
| Defendants. | |

### ORDER DENYING MOTION TO DISMISS

The matter before the court is the motion of the defendant Janet Abreu ("Abreu") to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable in this adversary proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. A hearing took place in Raleigh, North Carolina, on August 25, 2011. The motion to dismiss will be denied.

Statement of the Case

Lisa Gail Skumpija filed a petition under chapter 7 of the Bankruptcy Code on January 14, 2011. David M. Warren, was appointed as trustee for the debtor, and filed a complaint initiating this adversary proceeding against Janet Abreu on February 25, 2011.[1] The complaint alleged that the debtor fraudulently conveyed to Abreu a security interest in certain property, and sought to avoid the conveyance pursuant to § 548(a)(1)(B). On April 29, 2011, Ms. Abreu filed a motion to dismiss the case for failure to state with particularity the circumstances constituting the fraudulent conveyance as required under Bankruptcy Rule 7009(b). An order granting the motion to dismiss was entered on July 14, 2011, but it afforded the plaintiff the opportunity to amend the complaint. In fact, the plaintiff had, on July 13, 2011, already filed an amended complaint. Ms. Abreu therefore filed a second motion seeking to dismiss the amended complaint on August 25, 2011, contending that the amended complaint failed to state a claim upon which relief could be granted.

Statement of the Facts

On June 10, 2008, the debtor acquired, from her brother, an interest in real property and improvements located at 575 Chapel Ridge Drive, Pittsboro, North Carolina (the "Chapel Ridge Property"). Two days later, on June 12, 2008, the debtor executed a promissory note in the amount of $500,000 for "value received" to the defendant, Janet Abreu. Amended Complaint, Ex. F p. 1. Ms. Abreu is the debtor's mother. Ms. Abreu contends that she advanced funds to the debtor to purchase the Chapel Ridge Property and, in addition, another property located at 151 Hawfields Drive, also in Pittsboro (the "Hawfields Property"). Pursuant to the note, repayment of the principal

---

[1] The amended complaint also names Kathie L. Russell as a defendant in her official capacity as the Trustee under the Deed of Trust that is the subject of the amended complaint.

2

was due as follows: $200,000 upon the sale of the Chapel Ridge Property, and $300,000 upon the sale of the Hawfields Property. On or about September 16, 2009, the debtor executed a deed of trust to Ms. Abreau on the Chapel Ridge Property to secure the promissory note. That transfer, represented by the granting of the deed of trust to Ms. Abreau, is the subject of this avoidance action.

Discussion

Under the pleading requirements set out in Bell Atlantic Corp. v Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), the plaintiff's complaint must plead sufficient factual allegations to establish, on its face, that the claim for relief is plausible. Accordingly, the court must determine whether the plaintiff has satisfied this burden under §548(a)(1)(B). Section § 548(a)(1)(B) provides:

> (a)(1) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition if the debtor voluntarily or involuntarily —
>
> . . .
>
> > (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
> >
> > (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
> >
> > (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;
> >
> > (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or

>> (IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

11 U.S.C. § 548(a)(1)(B).

The court finds that the plaintiff has satisfied the requirements for properly pleading a cause of action under § 548(a)(1)(B). Plaintiff's complaint lists the alleged fraudulent transfer, identifies the consideration alleged to have been received by the transfer, and identifies information concerning why plaintiff maintains the consideration was not reasonably equivalent in value, as well as sufficient facts regarding insolvency. In re Careamerica, Inc., 409 B.R. 737, 756 (Bankr. E.D.N.C. 2009). "If the court finds well-pleaded factual allegations in the complaint, the court 'should assume their veracity' and proceed to determine 'whether they *plausibly* give rise to an entitlement of relief.'" Id. at 747 (quoting Iqbal, 129 S. Ct. at 1950). "Determining whether a claim for relief is plausible is a 'context-specific task' requiring the court 'to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 129 S. Ct. at 1950). In sum, landscape in which a court navigates a motion to dismiss was significantly rearranged by Twombly and Iqbal, such that now, "a claim's survival on a 12(b)(6) motion [is] contingent on the inclusion of 'sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Iqbal, 129 S. Ct. at 1949).

The plaintiff bears the burden of proof on all essential elements of § 548(a)(1)(B), including the burden of showing the lack of reasonably equivalent value referenced in § 548(a)(1)(B)(i). Plaintiff maintains that the transfer of the deed of trust from the debtor to Ms. Abreu occurred within two years before the date of the filing of the petition, and was not in exchange for reasonably equivalent value. More specifically, plaintiff contends that Ms. Abreu did not provide any

consideration to the debtor: instead, Ms. Abreu paid on invoices submitted for payment by Absolute Construction & Development, LLC, a construction company owned solely by the debtor's non-filing spouse, for improvements made to the Chapel Ridge Property, which was at that time titled in the debtor's brother's name.

Because Ms. Abreu's payments were made for improvements to the Chapel Ridge Property prior to the debtor taking title, the plaintiff alleged, no consideration was given to the debtor, and the grant of a deed of trust by the debtor was not for reasonably equivalent value. The plaintiff further alleges that the promissory note and deed of trust were an "after the fact cover" and do not evidence an agreement in place at the time of the alleged consideration.

Ms. Abreu argues that the debtor owed her money for advances Ms. Abreu made to improve the Chapel Ridge Property, and that the security of such antecedent debt constitutes value pursuant to § 548(d)(2)(A). Ms. Abreu further maintains that she allowed the debtor's brother to transfer the Chapel Ridge Property to the debtor without consideration in the expectation that her advances, which benefitted the Chapel Ridge Property, ultimately would be repaid by the debtor. Ms. Abreu argues that this intent and expectation is evidenced on the face of the promissory note: "This Note is given to secure the purchase of real property located at 575 Chapel Ridge Drive, Pittsboro, NC 27312 and is secured by a Deed of Trust." Amended Complaint Ex. F, p. 1. Ms. Abreu further alleges on this point that the property transfer to the debtor and the execution of the note by the debtor in favor of Ms. Abreu so close in time establishes a connection between the two actions and supports her position with respect to the intent of the parties.

While Ms. Abreu may be able to establish those points through the presentation of evidence, it *also* is plausible that, through discovery, the plaintiff may establish the opposite – that reasonably

equivalent value was not given in exchange for the deed of trust.  For instance, discovery may establish that the value of the improvements ostensibly evidenced by the promissory note was not reasonably equivalent to the amount of the deed of trust granted on the Chapel Ridge Property, especially in light of the insider relationship between the debtor, the defendant, the property owner, and the contractor.  Plaintiff plausibly could also discover that there was never an intent for the debtor to be burdened by this debt, because the debtor's brother was then and continues to be the responsible party.  In sum, because the plaintiff has stated facts sufficient to "state a claim to relief that is plausible on its face," namely facts tending to show that the alleged antecedent debt is not truly a debt owed by the debtor to the defendant, or that the true amount of the antecedent debt was not reasonably equivalent to the deed of trust, dismissal is not appropriate.  Twombly, 550 U.S. at 570, 127 S. Ct. at 1974.

The court readily acknowledges that a review of this case on a properly supported summary judgment motion may well yield a different result, but this proceeding is not, at this time, in that posture.  Based on the foregoing, the motion to dismiss is **DENIED**.

**SO ORDERED.**

**END OF DOCUMENT**